UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANNY L. SAINTIGNON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00027-JPH-MJD |
| | ) | |
| YARBER Lt., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER
PROCEEDINGS**

Plaintiff Danny Saintignon, Jr., is a prisoner currently incarcerated at
Wabash Valley Correctional Facility ("WVCF"). He filed this civil action under 42
U.S.C. § 1983. Because Plaintiff is a "prisoner," this Court has an obligation to
screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is
frivolous or malicious, fails to state a claim for relief, or seeks monetary relief
against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To
determine whether the complaint states a claim, the Court applies the same
standard as when addressing a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).
Under that standard, a complaint must include "enough facts to state a claim to
relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007). "A claim has facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names as defendants (1) Lieutenant Yarber; and (2) Sergeant Ivy.

Plaintiff alleges that on July 14, 2023, he was in a segregation unit at WVCF with 11 other inmates when officers, including Lt. Yarber and Sgt. Ivy, became displeased with the amount of noise the inmates were making. When the noise did not cease, officers tried to pull another inmate out of his cell. The inmate resisted, and Sgt. Ivy sprayed him with large amounts of mace, which spread throughout the unit. The mace caused Plaintiff to have pain and breathing problems, which was made worse by his having lasting COVID-related breathing issues. Lt. Yarber and Sgt. Ivy refused Plaintiff's requests for a decontamination shower or to go to medical. The cell where the mace was sprayed was not cleaned for four days and the mace lingered in the unit during that time, causing Plaintiff continued breathing problems. After several days, Plaintiff's breathing problems got better.

Plaintiff is seeking declaratory relief and compensatory and punitive damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, Plaintiff has adequately stated Eighth Amendment deliberate indifference claims against Lt. Yarber and Sgt. Ivy and such claims **shall proceed**. If Plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 22, 2024,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Lt. Yarber and Sgt. Ivy in the manner specified by Rule 4(d). Process shall consist of the complaint filed on January 25, 2024, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/29/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

Electronic service to Indiana Department of Correction employees:
     Lt. Yarber
     Sgt. Ivy
     (All at Wabash Valley Correctional Facility)

DANNY L. SAINTIGNON, JR.
978030
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838